UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA STARLING,

        Plaintiff,                           Civil Action No.
                                            09-CV-12147

vs.

                                            HONORABLE PAUL D. BORMAN

LUCY M. STARLING,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
REQUEST FOR COSTS AND ATTORNEY FEES**

**I.  INTRODUCTION**

This is a breach of contract case involving the Employee Retirement Income Security Act

("ERISA").  Plaintiff Debra Starling ("Debra") is suing Defendants BOS Benefits Center-BUDD

("BOS") and Lucy M. Starling ("Lucy") to recover the survivor benefits of her deceased husband,

Oscar Starling ("Oscar").  Debra claims that BOS is improperly paying the benefits to Lucy, Oscar's

ex-wife.  The Complaint contains one count for breach of contract under Michigan law.

On July 29, 2009, the Court entered a stipulated order dismissing BOS from the case without

prejudice.  *See* docket entry 10.  Therefore, Lucy is the only remaining defendant.

Now before the Court is Lucy's Motion for Summary Judgment, Costs, and Attorney Fees

[docket entry 11].  For the  reasons that follow, the Court will grant Lucy's Motion for Summary

Judgment but deny Lucy's request for costs and attorney fees.

## II. BACKGROUND

This action was originally filed in Wayne County Circuit Court on May 13, 2009, and removed to this Court on June 3, 2009. Subject matter jurisdiction is premised upon 28 U.S.C. § 1331 (federal question), as the case involves ERISA.

In her Complaint, Debra claims that

> 4.  Defendant Budd Company has and continues to disburse survivor benefit payments to Defendant Lucy M. Starling even though Plaintiff Debra Starling has demanded that she be paid.
>
> 5.  Plaintiff Debra Starling promptly informed Budd Company that they were improperly paying Defendant Lucy M. Starling and all benefit payment [sic] are entitled to Plaintiff Debra Starling.
>
> 6.  Defendant Lucy M. Starling's Judgment of divorce terminated all of Defendant Lucy Starling's rights to any pension, annuity, or retirement system of her former husband the late Mr. Oscar Starling; who prior to death was the current husband of the Plaintiff Debra Starling.
>
> 7.  On February 2, 2009 the Plaintiff Debra Starling's attorney received a letter from Budd Company stating that Plaintiff Debra Starling was not entitled to the Optional Survivor Benefit Plan under ERISA.

Compl. at ¶¶ 4-7. BOS has paid the survivor benefits to Lucy and not Debra because, prior to the divorce, Oscar named Lucy as the beneficiary on the plan documents and failed to change the beneficiary designation after the divorce. Thus, Lucy remained the named beneficiary of Oscar's survivor benefits at the time of Oscar's death.

The Judgment of Divorce between Lucy and Oscar is attached to Debra's Complaint. The relevant portion of the order reads as follows:

<u>PENSION, ANNUITY OR
RETIREMENT BENEFITS</u>

IT IS FURTHER ORDERED AND ADJUDGED that the rights of

2

either party in and to any pension, annuity or retirement benefits of the other or any accumulated contributions of any pension, annuity or retirement system in which the other party is a participant or beneficiary, or any other right of contingent right in and to unvested pension, annuity or retirement benefits of the other party is hereby terminated.

Debra claims that she—and not Lucy—is entitled to Oscar's survivor benefits because, by virtue of the divorce judgment, Lucy waived any right to retain the funds being paid to her as the named beneficiary.

### III.  ANALYSIS

Lucy advances two arguments in her motion for summary judgment.  First, Lucy contends that she is not a proper party to this case because she has no control or discretion over the benefits plan.  *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) ("[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits"); *Little v. UNUMProvident Corp.*, 196 F. Supp.2d 659, 672 (S.D. Ohio 2002) ("in the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan").  Second, Lucy argues that the breach of contract claim fails because there is no contract between her and Debra.  *See Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999) (interpreting Michigan law) (in order to recover for breach of contract, the plaintiff must prove, among other things, "the existence of a contract between the parties").

In response, Debra states that she brought this lawsuit under Michigan contract law and not under ERISA.  Debra further states that she "filed this lawsuit in the Wayne County Circuit Court relying on the Court to uphold the Judgment of Divorce signed by Lucy that gave up all of her rights to any benefits that she would have had to Oscar B. Starling's retirement income."  Debra relies on

*Moore v. Moore*, 266 Mich. App. 96 (2005), discussed below, in support of her argument that "there

are several genuine issues as to whether Lucy is entitled to any of Mr. Starling's benefits at all."

The Court must determine whether Debra's state law breach of contract claim against Lucy

is preempted by ERISA.  If it is, the Court must grant summary judgment in favor of Lucy because

she does not "control administration of the plan" and is therefore not a proper defendant in an

ERISA action for benefits.  *See Daniel*, 839 F.2d at 266; *Little*, 196 F. Supp.2d at 672.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any

employee benefit plan."  29 U.S.C. § 1144(a).  "This preemption provision is to be construed

broadly; a law 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'"

*McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463

U.S. 85, 96-97 (1983)).  As stated by the Sixth Circuit,

> [t]he United States Supreme Court has held that Congress' intent in enacting
> ERISA was to completely preempt the area of employee benefit plans and to
> make regulation of benefit plans solely a federal concern.  The Court
> consistently emphasizes the broad scope of preemption under ERISA.  Thus,
> only those state laws and state law claims whose effect on employee benefit
> plans is merely tenuous, remote or peripheral are not preempted.  This circuit,
> too, has repeatedly recognized that virtually all state law claims relating to
> an employee benefit plan are preempted by ERISA.  It is not the label placed
> on a state law claim that determines whether it is preempted, but whether in
> essence such a claim is for the recovery of an ERISA plan benefit.

*Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (citations omitted).

*See also Drescher v. Union Underwear Co., Inc.*, 858 F. Supp. 653, 656 (W.D. Ky. 1994) ("[a] claim

too remote, tenuous, or peripheral to relate to an ERISA plan simply cannot, except in the most

extraordinary circumstances, constitute a claim to recover benefits, enforce rights, or clarify the

terms of an ERISA plan under § 1132").  Thus, "state common law claims for benefits under an

employee benefit plan regulated by ERISA are preempted as long as the lawsuit relates to an

4

employee benefit plan." *Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).

Additionally, on at least two occasions, the Sixth Circuit has held that federal law—and not state law—governs the determination of whether an ex-spouse waived his or her right to ERISA benefits by virtue of a divorce judgment issued by a state court.  In *McMillan*, the ex-wife of the decedent, on the one hand, and the widow of the decedent, on the other hand, claimed the proceeds of the decedent's two ERISA plans.  913 F.2d at 310.  When the decedent was married to his ex-wife, he named her as the beneficiary to the plans.  *Id*. at 311.  The two later got divorced, at which point they signed a joint settlement in which they agreed that the decedent would receive all property not otherwise disposed of in the agreement.  *Id*.  However, the decedent never changed the beneficiary designation in connection with his two plans and at the time of the decedent's death, the ex-spouse remained the beneficiary named in the plan documents.  *Id*.  The trial court granted summary judgment in favor of the widow, concluding after applying state law that the ex-spouse had waived her right to the proceeds by virtue of the joint settlement entered into in the divorce proceedings.  *Id*.  The Sixth Circuit reversed, holding that (1) federal law—and not state law—applies to the waiver analysis, (2) the plan documents controlled in accordance with "the explicit provisions of ERISA," and (3) the ex-spouse was therefore entitled to the benefits under the ERISA plans.  *Id*. at 311-312.

Six years later, the Sixth Circuit reached the same conclusion in *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126 (6th Cir. 1996), a case involving the same general factual framework as *McMillan* and the present case. The decedent is *Pressley* participated in a his employer's ERISA-governed life insurance plan, the proceeds of which were claimed by the decedent's ex-wife, on the one hand, and the decedent's estate, on the other hand, following the decedent's death.  82 F.3d at

127-128.  When the decedent and his ex-wife were married, he designated her as the beneficiary to the insurance policy; however, when the two got divorced, he never changed the beneficiary designation.  *Id*. at 128.  The divorce decree between the two contained a provision, as mandated by Michigan law, stating that the two "shall hereafter own any and all items of personal property including, but not limited to . . . insurance policies . . . now in his or her possession, free and clear of any claim thereto by the other."  The decree also stated that "any rights of either party in any policy or contract of life . . . insurance of the other, as beneficiary, are hereby extinguished."  *Id*. at 127-128.  Notwithstanding this language, the trial court determined that  the ex-wife was entitled to the life insurance proceeds because (1) "ERISA preempted Michigan domestic relations law," (2) "the designation of [the ex-wife] as beneficiary of record controlled" under ERISA, and (3) "neither the statement of waiver in the Divorce Decree, nor [Michigan law] . . . effected a waiver of [the ex-wife's] claim to the benefits" under ERISA.  *Id*. at 128.  Relying in part on *McMillan*, the Sixth Circuit affirmed, stating that "a designation of beneficiaries has a connection with or reference to an ERISA plan, preempting state law."  *Id*. at 129.

    *McMillan* and *Pressley* are applicable to the present case, foreclosing Debra's argument that this case is governed by Michigan law and not ERISA.  In both *McMillan* and *Pressley*, the Sixth Circuit determined that ERISA preempts any state law purporting to affect the designation of beneficiaries in an ERISA-governed plan.  Thus, the law in this circuit is clear under *McMillan* and *Pressley* that federal law, and not state law, governs the determination of whether an ex-spouse waived his or her right to ERISA benefits by virtue of a divorce judgment issued by a state court because any state law purporting to affect this determination "relate[s] to any employee benefit plan" under § 1144(a) and is therefore preempted by federal law.

Debra attempts to avoid this result by relying on the decision of the Michigan Court of

Appeals in *Moore*. *Moore* involved essentially the same facts as *McMillan* and *Pressley* but reached

the opposite result.   While married to his ex-wife, the decedent in *Moore* named her as the

beneficiary to his ERISA-governed life insurance policy and pension death plan.  266 Mich. App.

at 97.  However, after the two got divorced, the decedent died without changing the beneficiary

designation. *Id*.  The decedent and his ex-wife entered into a consent judgment of divorce providing

that each party's interests in the other party's life insurance policies was terminated by the judgment

of divorce. *Id*.  Relying on *Pressley*, discussed above, the trial court determined that the ex-wife was

entitled to the proceeds because she was the beneficiary named in the plan documents and the waiver

language contained in the consent judgment of divorce was invalid as preempted by ERISA. *Id.* at

102.  The Court of Appeals reversed, holding that the ex-wife "is not entitled to the proceeds from

the insurance policy and the pension death benefits because she expressly waived any entitlement

in the divorce judgment." *Id*. at 101.  In so holding, the *Moore* court explicitly rejected *Pressley*,

stating as follows:

> [T]he federal courts are split on the question whether ERISA preempts an
> attempt to explicitly waive a named beneficiary's rights to an interest in an
> ERISA-regulated benefits plan.  The United States Court of Appeals for the
> Sixth Circuit has held [in *Pressley*] that a common-law waiver cannot
> override the designation of a named beneficiary under ERISA.  The trial
> court here relied on *Pressley* to rule in favor of plaintiff.  However, *Pressley*
> represents the minority view on this issue.  The majority and better view
> holds that a person can explicitly waive his rights to ERISA plan benefits
> even where he may be the named beneficiary.  With respect to questions of
> federal law, this Court is not bound by precedent from federal courts except
> the United States Supreme Court.  However, where the United States
> Supreme Court has not resolved an issue, a state court may choose among
> conflicting lower federal court decisions, as we do, to adopt the rule it
> determines to be most appropriate.

*Id*. at 102 (citations and footnote omitted).

7

Because *Moore* expressly declined to follow precedent by which this Court is undisputably bound, it is not controlling.  The Court is constrained to follow *McMillan* and *Pressley*, both of which reflect the settled law in this circuit.  Accordingly, as a matter of law, Debra's state law breach of contract claim is preempted by ERISA.

Having determined that Debra's state law claim is preempted by ERISA, it is now clear that any claim for benefits asserted against Lucy is not cognizable.  As stated above, "in the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan."  *Little*, 196 F. Supp.2d at 672.  *See also Daniel*, 839 F.2d at 266 ("[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits").  In the present case, Debra does not argue that Lucy in any way controls the administration of the plan.  Therefore, she is not a proper defendant herein.  Because she is the only remaining defendant, this action will be dismissed.[1]

Finally, Lucy requests an award of costs and attorney fees incurred in filing the present motion on the grounds that Debra unreasonably withheld consent to the relief sought by Lucy.  The request is governed by E.D. Mich. LR 7.1(a)(3), which states that "[t]he court *may* tax costs for unreasonable withholding of consent" (emphasis added).  Lucy contends that Debra's withholding of consent was unreasonable because Debra "did not submit any contract as she was required to do in alleging breach of contract."  However, the failure of Debra's claim against Lucy does not stem from Debra's failure to submit a contract; rather, it stems from the fact that the claim is preempted

---

[1] Lucy urges the Court to find that she is entitled to Oscar's benefits over Debra as a matter of law.  However, the Court will decline to adjudicate this issue because the proper defendant, i.e., "the party that is shown to control administration of the plan," is not before the Court.

by ERISA.  In any case, the Court finds, in its discretion, that Debra's withholding of consent was

not unreasonable and, accordingly, will deny Lucy's request for costs and attorney fees.

### IV.  ORDER

For the reasons stated above,

IT IS ORDERED that Lucy's Motion for Summary Judgment [docket entry 11] is granted.

IT IS FURTHER ORDERED that Lucy's request for costs and attorney fees is denied.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
October 30, 2009.

s/Denise Goodine
Case Manager